UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

HARVEY J. HUDSON, *pro se*,

                Petitioner,

    -against-

CAMERON LINDSAY, Warden MDC Brooklyn;
UNITED STATES OF AMERICA, United States
Attorneys, N.Y.; FEDERAL BUREAU OF
PRISONS, Director,

                Respondents.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-4658 (DLI)

DORA L. IRIZARRY, United States District Judge:

Petitioner Harvey J. Hudson, files this *pro se* petition seeking a writ of habeas corpus and "Motion for Emergency Injunction Order" pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition and motion are dismissed.

## BACKGROUND

At the time the instant action was filed on November 4, 2008, petitioner was being held on federal holdover status at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Petitioner's Mot. at 2.) Petitioner seeks to remain at the MDC and to prevent his transfer to a prison in Arizona. (Petitioner's Mot. at 5.) The court takes judicial notice that the Federal Bureau of Prisons website lists petitioner as being transferred to the United States Penitentiary - Tucson (USP-Tucson) on November 5, 2008. *See* http://www.bop.gov (last visited Nov. 18, 2008).

# DISCUSSION

<u>Mootness</u>

"In general, if an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [petitioner], the matter becomes moot and subject matter jurisdiction is lost." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007) (citing *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001) and *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). To avoid having the petition dismissed as moot, the petitioner "bear[s] the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." *United States v. Mercurris*, 192 F.3d 290, 294 (2d Cir. 1999). Here, petitioner was transferred out of the MDC subsequent to the filing of this petition. Thus, the matter raised by the petition and Motion for Emergency Injunction Order is moot and the court lacks subject matter jurisdiction.

<u>Place of Confinement</u>

Even if the petition were not rendered moot, it must be dismissed. A petition challenging the manner of execution of an inmate's sentence is properly brought pursuant to 28 U.S.C. § 2241. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Challenges to the execution of a sentence typically include matters such as "prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). However, Congress has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. 18 U.S.C. § 3621; 18 U.S.C. § 4082. The Bureau of Prisons ("BOP") has "sole discretion" to determine the facility in which a federal prisoner should be placed. *United States v. Williams*, 65 F.3d 301, 307

(2d Cir. 1995). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." *Gissendanner v. Menifee*, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, petitioner does not have a right to stop his relocation and petitioner's confinement to any particular facility is within the sole discretion of the BOP.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus and the request for injunctive relief are dismissed for lack of subject matter jurisdiction. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 19, 2008

/s/
DORA L. IRIZARRY
United States District Judge